**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
THE CONNECTICUT INDEMNITY CO.,:
                              :    Civil Action No. 03-3403(WHW)
            Plaintiff,        :
                              :
v.                            :
                              :
ARTHUR WILLIAMS, ET AL.,      :    REPORT AND RECOMMENDATION
                              :
            Defendants.       :    June 7, 2005
_____:
```

**SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff The Connecticut Indemnity Co. (the "Plaintiff") moves for summary judgment against Defendants The Insurance Company of the State of Pennsylvania and Lancer Insurance Co. and a declaration that it owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis with regard to any claims arising out of the December 27, 1999 accident.

The Plaintiff moves for default judgment against Defendants Dependable Transport, Inc., Arthur Williams, Kevin Davis and TAJ Trucking, Inc. (collectively, the "Default Defendants") and a declaration that it owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis with regard to any claims arising out of the December 27, 1999 accident.

No opposition was filed to either motion. The motions are decided absent oral argument pursuant to Fed.R.Civ.P. 78.

The Court has jurisdiction over this controversy pursuant to

the Declaratory Judgment Act, 28 U.S.C.S. §§ 2201 and 2202, and Federal question jurisdiction, 28 U.S.C.S. § 1331.

I.  Facts

The facts are undisputed.  On or about December 27, 1999, Dependable Transport, Inc. owned a 1996 Freightliner tractor (the "tractor").  Cert. of G. Jaeger, Esq, dated Nov. 11, 2004, Exs. A, B and I.  The tractor was registered in the State of New Jersey.  Id., Ex. I (Police Report).  At that time, the tractor, a commercial vehicle, was insured under a Non-Trucking Automobile Liability Insurance policy bearing policy number BA453677 (the "insurance policy") issued by the Plaintiff.  Cert. of E. McNally dated Nov. 17, 2004, ¶ 2.  Dependable Transport, Inc. is named lessor/contractor and TAJ Trucking, Inc. is named Lessee/Motor Carrier on the Certificate of Non-Trucking Automobile Liability Insurance.  Cert. of G. Jaeger, Esq. dated Nov. 11, 2004, Ex. B.

On December 27, 1999, Kevin Davis, an employee of Dependable Transport, Inc., was driving the tractor on Interstate 287 in White Plains, New York.  Id., Ex. I.  While hauling a trailer, the tractor was involved in an accident with a vehicle operated by Richard Pena.  Id., Ex. I.  Richard Pena claims he was injured in the accident as a result of the negligence of Kevin Davis and Dependable Transport, Inc.

The Plaintiff issued the insurance policy, a Non-Trucking Automobile Liability policy, to Dependable Transport, Inc. for coverage of the tractor.  Cert. of E. McNally dated Nov. 17, 2004

¶ 2.  The insurance policy covered the tractor for accidents that occurred when it was used in personal, non-business activities. Id. ¶¶ 2 and 13.  A Non-Trucking Automobile Liability policy is a special type of motor vehicle policy.  Id. ¶ 2.  Such policy is issued only to insure a vehicle that is leased to a federally certified motor carrier on a full-time, permanent basis pursuant to a written lease.  Id.  A certified motor carrier must provide liability coverage for the leased vehicle when the leased vehicle is being used in furtherance of any business interest of the lessee.  Id.  Coverage under the Non-Trucking Automobile Liability policy is limited to accidents that occur when the tractor is being used in purely personal activities.  Id. at ¶ 3.

Non-Trucking Automobile Liability insurance is issued only when the insured warrants that the tractor is leased to the lessee/motor carrier listed on the Certificate of Insurance.  Id. at ¶ 4.  The warranty creates a continuing obligation by the insured to notify the Plaintiff or the insurance agent of any change in the lease situation.  Id.  A leased commercial tractor is used in the trucking-related business of the lessee/motor carrier during the vast majority of times.  Id.  Consequently, the premiums for Non-Trucking Automobile Liability insurance are considerably lower than the premiums for a general liability trucking policy, which insures a tractor for accidents that occur in trucking-related business activities.  Id.  Dependable Transport, Inc. paid a monthly premium to the Plaintiff of $36.00 for the insurance

policy.  Id.

The insurance policy provides a List of Forms Endorsement that define and restrict insurance coverage, including Endorsement CA2309 (12/93) Truckers - Insurance for Non-Trucking Use.  Cert. of G. Jaeger, Esq. dated Nov. 11, 2004, Ex. F.  Endorsement CA2309 warns "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY."  Id., Ex. C.  Said Endorsement further provides:

> **TRUCKERS - INSURANCE FOR NON-TRUCKING USE**
> . . .
>
> BUSINESS AUTO COVERAGE FORM
> . . .
>
> LIABILITY COVERAGE for a covered "auto" described in the Schedule is changed as follows:
>
> 1.  The following exclusions are added:
>     This insurance does not apply to:
>
>     a. A covered "auto" while used to carry property in any business.
>
>     b.  A covered "auto" while used in the business of anyone to whom the "auto" is rented.
>
> 2.  WHO IS AN INSURED does not include anyone engaged in the business of transporting property by "auto" for hire who is liable for your conduct.

Id., Ex. C.

The Certificate of Non-Trucking Automobile Liability Insurance similarly excludes coverage when the tractor is hauling a tractor and provides:

> No coverage is afforded when the described vehicle(s) is (are):
>
> 1.  Under motor carrier direction, control, or dispatch.
>
> 2.  Used to carry property in any business or in route

for such purpose.

Id., Ex. B.

The insurance policy's List of Forms Endorsement also includes Form No. 32521-0 - Endorsement #4 - Master Policy Definitions. Id., Ex. F.  The definitions contained in Endorsement #4 include:

> NAMED INSURED:  The term "Named Insured" shall apply individually and only to those persons or organizations that have leased autos with operator to the certified carrier designated on the certificate under a valid, long term lease agreement, and have accordingly been issued a certificate of insurance forming a part of the policy.
>
> COVERED AUTOS:  The insurance applies only to those autos scheduled and designated in the certificate of insurance attached to and forming a part of this policy, and for which at the time of loss, there is a valid, long term lease existing with the designated certified carrier covering that auto.
>
> . . .
>
> TRUCKER:  The term "trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.
>
> PROPERTY:  The transportation of property by "auto" for the generation of economic gain or commercial benefit is defined as "business property", and such transportation is outside the scope of coverage afforded in this policy.
>
> The transportation of property by "auto" without the intent of economic gain or commercial benefit is defined as "personal property" and such transportation is within the scope of coverage of this policy.

Id., Ex. D.

Other applicable Endorsements likewise make it clear that the policy is a Non-Trucking policy providing restricted coverage.  See Endorsement CA2310 (03/94) - Michigan Truckers - Insurance for Non-Trucking Use; see also Endorsement Form No. 32519-0 - Endorsement

#2 - Amendment of "Truckers - Insurance for Non-Trucking Use." Id., Exs. E and J, respectively.

## II. Procedural History

The Insurance Company of the State of Pennsylvania and Lancer Insurance Co. have filed answers and have been served with copies of the notice of motion for summary judgment and default judgment and supporting documentation. Proof of Service dated Jan. 6, 2005.

Dependable Transport, Inc. was served with the Summons and First Amended Complaint on September 7, 2004. Aff. of G. Jaeger, Esq. dated Sept. 28, 2004. Arthur Williams was served with the Summons and First Amended Complaint on June 2, 2004. Aff. of R. La Pierre dated June 23, 2004. Kevin Davis was served with the Summons and First Amended Complaint on September 24, 2004. Aff. of Publication by R. Hicks dated Sept. 25, 2004. TAJ Trucking, Inc. was served with the Summons and First Amended Complaint on September 7, 2004. Aff. of G. Jaeger, Esq. dated Sept. 28, 2004.

The Default Defendants failed to answer or respond to the First Amended Complaint. Consequently, a default was entered against Dependable Transport, Inc. on October 1, 2004; against Arthur Williams on August 23, 2004; against Kevin Davis on October 27, 2004; and against TAJ Trucking, Inc. on October 1, 2004.

A Stipulation of Dismissal was filed dismissing the Complaint as to Richard Pena and Federal Express Corp., Richard Pena's employer at the time of the accident, with the express agreement that they would be bound by any judgment entered in this action.

Cert. of G. Jaeger, Esq. dated Nov. 11, 2004, Ex. G.

III. <u>Summary Judgment Standard</u>

Summary judgment may be granted where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." <u>Fed.R.Civ.P.</u> 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. <u>Id.</u> at 248. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. <u>Celotex v. Catrett</u>, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. <u>Shields v. Zuccarini</u>, 254 F.3d 476, 481 (3d Cir. 2001). At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a

genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  <u>Curley v. Klem</u>, 298 F.3d 271, 277 (3d Cir. 2002).

IV. <u>Discussion</u>

On the day of the accident, the tractor was not covered by the insurance policy for three reasons.  First, the policy clearly excludes coverage because the tractor was being used to haul a trailer.  Second, the Non-Trucking use exclusion is valid and unambiguous.  Third, the objective reasonable intent of the parties to the insurance policy was that the insurance policy would apply only when the tractor was being put to non-business use.  The Insurance Company of the State of Pennsylvania and Lancer Insurance Co. have not opposed the motion for summary judgment and have not submitted any evidence that suggests an evidentiary conflict.

A. <u>Policy Language</u>

At the time of the accident, the tractor was not covered by the insurance policy because the tractor was being used to haul a trailer.  "[I]t has long been the law in [New Jersey] that when the contract is clear the court is bound to enforce the contract as it finds it."  <u>James v. Federal Insurance Co.</u>, 5 N.J. 21, 24 (1950); <u>Boswell v. The Travelers Indemnity Co.</u>, 38 N.J. Super. 599, 604 (App. Div. 1956) (when the insurance policy is unambiguous, the court is bound to enforce the contract as it finds it).  A court must read insurance policies to avoid ambiguities and "not torture

the language to create them." St. Paul Fire and Marine Insurance Co. v. U.S. Fire Insurance Co., 655 F.2d 521, 524 (3d Cir. 1981). "If plainly expressed, the insurers are entitled to have liability limitations construed and enforced as expressed." Sinopoli v. The North River Insurance Co., 244 N.J. Super. 245, 251 (App. Div. 1990) certif. denied. 127 N.J. 325 (1991).

The insurance policy contains numerous, prominent and unambiguous references to the fact that coverage of the tractor is limited to personal, non-trucking use. Chief among them is Endorsement CA2309, which clearly provides that the insurance policy does not apply to a tractor that is being "used to carry property in any business."

The Certificate of Non-Trucking Automobile Liability Insurance similarly excludes coverage when the tractor is being "[u]sed to carry property in any business." And, Endorsement #4 contains policy definitions that collectively work to exclude coverage when the tractor is used to transport or haul property in a business. Thus, because it is uncontested that the tractor was hauling a trailer pursuant to a business at the time of the accident, there is no coverage for the accident, which occurred on December 27, 1999, under the insurance policy.

B. Non-Trucking Use Exclusion is Valid and Unambiguous

The insurance policy is valid and unambiguous. Interpreting a similar Insurance for Non-Trucking Use policy, the District Court for the District of New Jersey determined that said policy was

valid and unambiguously excluded coverage of a vehicle used for business purposes. The Connecticut Indemnity Co. v. Government Employers Insurance Co., Civil Action No. 97-0732(MTB) (December 18, 1997) at pages 5-7.

Likewise, the Appellate Court in Planet Insurance Co. v. Anglo American Insurance Co., affirmed the trial court's interpretation of a non-trucking insurance policy to exclude coverage for a tractor when it was used in trucking business. 312 N.J. Super. 233, 237-38 (App. Div. 1998).

C. Objective Intent of the Parties

Two factors demonstrate that the parties intended that the insurance policy would provide coverage only when the tractor was being used in personal, non-business activities. First, the insurance policy expressly limits coverage of the tractor to personal, non-business activities. Second, Dependable Transport, Inc. paid a modest premium (i.e. $36.00 monthly) that corresponded to the limited coverage.

"The fundamental rule of construction is to arrive at and determine the intention of the parties as demonstrated by the language employed, when read and considered as a whole." Boswell, 38 N.J. Super. at 604. As held by the District Court of the District of New Jersey, the insurance policy clearly provided that the tractor is not covered if used in trucking business. The Connecticut Indemnity Co. Civil Action No. 97-0732(MTB) (December 18, 1997). In particular, the Court found "[t]he policy itself,

with its various endorsements and its Certificate of Non-Trucking Automobile Liability Insurance, is rife with references to the fact that it was intended to cover the tractor only when it was used for non-business purposes." Id. at page 5.

In New Jersey, the insured is assumed to have knowledge of the contents of her insurance policy. Heake v. Atlantic Casualty Insurance Co., 15 N.J. 475, 483 (1954). The numerous references to non-trucking - defined as personal use - contained in the policy indicated to a reasonable person that the policy did not apply during business use. Thus, the intent of the parties, namely that the insurance policy would cover the tractor during personal use, will be enforced.

Corroborating evidence that the insurance policy covered the tractor for non-trucking, personal use is found in the modest premiums paid for the insurance policy. As the District Court found in The Connecticut Indemnity Co. v. Government Employers Insurance Co., "the modest premium charged ($37.50) would place any insured party on notice that the policy was limited as to its coverage." Id. at page 7. As certified by Ed McNally, the Director of Claims at Specialty Claims, the authorized claims service company for the Plaintiff, Dependable Transport, Inc. paid a modest premium of $36.00 monthly for the insurance policy. A general liability trucking policy would be considerably more expensive.

For these reasons, the Plaintiff's motion for summary judgment

against Defendants The Insurance Company of the State of Pennsylvania and Lancer Insurance Co. should be granted. Further, the Court should find that the Plaintiff owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis as a result of the accident that occurred on December 27, 1999.

V.  Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant is technically in default. E.I. Du Pont de Nemours & Co. v. The New Press, Inc., 1998 WL 159050, at *2 (E.D. Pa. Mar. 16, 1998) (quoting 10 Federal Practice & Procedure § 2685). When considering a motion for default judgment, a court must exercise sound judicial discretion. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). The Third Circuit has identified three factors a court should consider when weighing whether to enter a default judgment: (1) prejudice to moving party if default judgment is not granted; (2) whether defendant has a meritorious defense; and (3) whether defendant's delay or failure to respond was the result of culpable misconduct. Harad, 839 F.2d at 982. The Third Circuit has repeatedly stated its strong preference that cases be disposed of on the merits, and required that district courts determine whether any sanction short of a default judgment would be effective. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

VI. Discussion

No sanction short of judgment by default would be effective against the Default Defendants, and the three factors weigh in favor of default judgment. The Default Defendants have not moved to vacate the entry of default. The Default Defendants have not appeared in this case.

A. Prejudice to the Plaintiff

Prejudice would ensue to the Plaintiff if default judgment was not entered against the Default Defendants. This case has been pending since July 2003. The Default Defendants have been served with the Summons and First Amended Complaint since September 2004; none of the Default Defendants have answered or responded to the First Amended Complaint or made an appearance in this case. Considering the length of time this case has been pending - without a word from the Default Defendants - the Court is satisfied that the Plaintiff would be prejudiced if this case persisted and default judgment was not entered.

B. The Default Defendants' Meritorious Defense

The Court is unaware of a meritorious defense to the claims asserted against the Default Defendants. The Default Defendants have not moved to vacate the entry of default or oppose the motion for default judgment. In fact, the Default Defendants have made no appearance in this case. Because the Default Defendants have failed to demonstrate a meritorious defense to the claims in the First Amended Complaint, this factor weighs in favor of granting

default judgment.

    C.   <u>The Default Defendants' Culpable Misconduct</u>

The Court has no information as to why the Default Defendants have failed to answer or respond to the First Amended Complaint or failed to otherwise make an appearance in this case.  More than seven months have passed since the deadline for filing an answer, and the Default Defendants have not offered a reason as to why they have not filed an answer.  Absent the benefit of a response to the motion for default judgment, this factor weighs in favor of granting default judgment.

For these reasons, the Plaintiff's motion for default judgment against Defendants Dependable Transport, Inc., Arthur Williams, Kevin Davis and TAJ Trucking, Inc. should be granted.  Further, the Court should find that the Plaintiff owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis as a result of the accident that occurred on December 27, 1999.

<u>Recommendation</u>

     The Court recommends that the Plaintiff's motion for summary judgment be granted against Defendants The Insurance Company of the State of Pennsylvania and Lancer Insurance Co. and a declaration be made that the Plaintiff owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis.

The Court further recommends that the Plaintiff's motion for default judgment be granted against Defendants Dependable Transport, Inc., Arthur Williams, Kevin Davis and TAJ Trucking,

Inc. and a declaration be made that the Plaintiff owes no coverage to Dependable Transport, Inc., Arthur Williams and Kevin Davis.

                                            **S/SUSAN D. WIGENTON**
                                            **UNITED STATES MAGISTRATE JUDGE**

Original: Honorable William H. Walls
cc:      Clerk's Office
          Parties
          File